UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                       CIVIL ACTION NO. 07-11495

        v.                             DISTRICT JUDGE PAUL D. BORMAN

ELVIN R. BREEDING,            MAGISTRATE JUDGE VIRGINIA MORGAN

        Defendant.
_____/

## REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This is an action to collect a debt on a student loan. Plaintiff (the United States) filed a complaint alleging that defendant originally took a loan in the amount of $2,625 at an interest rate of 8% per annum. The loan was given by Citibank (New York State), guaranteed by Northstar Guarantee, Inc., and then reinsured by the United States Department of Education under the Loan Guaranty Programs of Title IV-B, 20 U.S.C. § 1071 et seq (34 C.F.R. Part 682). Defendant defaulted on the loan in 1991. After unsuccessful efforts to collect the debt, the United States was assigned the rights to the debt for enforced collection. With interest of $3,090.39 and administrative fees of $40.00, the total owed by defendant at the time of the filing of the complaint is $5811.62. In the Answer to the Complaint, defendant acknowledges responsibility for the debt but says that he is unable to pay more than $5.00 per month toward the obligation. Plaintiff sent defendant a document entitled "Financial Statement of Debtor" which

- 1 -

he was to complete and return, along with his tax returns for the past two years and bank statements for the past six months. Defendant did not return the Financial Statement and has not provided any of the requested documents. Oral argument was held before the magistrate judge. Defendant did not appear. Later, that day, he did appear in court, but by then counsel had left and all other matters had been heard.

The United States seeks summary judgment on its claim. Summary judgment is government by Rule 56 of the Federal Rules of Civil Procedure, which provides in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In ruling on a motion for summary judgment, the Supreme Court's decision in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), provides guidance. The Court rejected a standard which required moving parties to support their motions for summary judgment with an affirmative evidentiary showing which tended to negate the essential elements of the non-movant's case. Id. 477 U.S. at 324. Instead the Court said, "the burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the non-moving party's case." Id. Of course, "inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587-588 (1986). Once the moving party has made this showing, the burden passes to the non-moving party to go

beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. Id.; see also, Roby v. Center Companies, 679 F.Supp. 664 (E.D. Mich. 1987).

In this case, none of the material facts is in dispute. It is not disputed that defendant signed the promissory note and is obligated for the debt. It is not disputed that plaintiff is the present owner or holder of the note, and it is not disputed that the note is in default. Plaintiff has attached as exhibits A, B, and C the signed note, the calculation of indebtedness, and an affidavit certifying the debt. Thus, plaintiff is entitled to judgment as a matter of law.

Accordingly, it is recommended that the district court enter judgment in favor of the United States and against defendant, in the amount of $5,811.62 plus interest from the date of the filing of the complaint until the date of Judgment.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

<pre>
                            s/Virginia M. Morgan
                            Virginia M. Morgan
                            United States Magistrate Judge
</pre>

Dated: November 26, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and Elvin Breeding, 4046 Garland, Apt. 1L, Detroit, MI 48214 via the Court's ECF System and/or U. S. Mail on November 26, 2007.

<pre>
                            s/Jane Johnson
                            Case Manager to
                            Magistrate Judge Virginia M. Morgan
</pre>